## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

| | |
|---|---|
| REBEL DEBUTANTE LLC, a North Carolina limited liability company, and ANNA STUBBLEFIELD, a/k/a Anna Fields,<br><br>                Plaintiffs,<br><br>   v.<br><br>FORSYTHE COSMETIC GROUP, LTD., a New York Corporation,<br><br>                Defendant. | Civil Action No. 11-113<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs, by and through their undersigned counsel, for their complaint against

Defendant, Forsythe Cosmetic Group, Ltd. ("Forsythe"), allege and state as follows:

### NATURE OF THE ACTION

1.      This is an action for injunctive and monetary relief based on Forsythe's

intentional trademark infringement, trademark dilution and unfair competition in violation of

federal and state law.  Plaintiff Anna Stubblefield, whose professional name is Anna Fields

(hereinafter "Fields"), is a successful author, performer, screenwriter and playwright.  Since the

beginning of 2009, she has marketed and sold a line of fashion clothing and jewelry through her

licensee, Plaintiff Rebel Debutante LLC, under the federally-registered mark REBEL

DEBUTANTE.  Fields began using the term "Rebel Debutante" in published writings in 2006 to

refer to her own life history and social perspective, and has published a popular book entitled

*Confessions of a Rebel Debutante*.  Within the last year, Defendant Forsythe, without any

license, permission or authority from Fields, has introduced a line of nail polish using the

designation REBEL DEBUTANTE.  Despite Plaintiffs providing notice to Forsythe of its

infringing use and demanding that Forsythe cease its infringing use, Forsythe has flatly refused to halt or modify its infringing conduct in any way, and its sale of infringing REBEL DEBUTANTE products continues unabated. Plaintiffs bring this action seeking an injunction to restrain Forsythe's ongoing infringement and unfair competition, as well as appropriate monetary relief.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Rebel Debutante LLC is a North Carolina limited liability company with a principal place of business located at 113 Piedmont Avenue, Winston-Salem, North Carolina 27101, in this judicial district.

3. Plaintiff Fields is a citizen and resident of Forsyth County, North Carolina, which is in this judicial district. Fields is a Managing Member of Rebel Debutante LLC.

4. Defendant Forsythe is, upon information and belief, a New York corporation having its principal place of business at 77 Harbor View West, Lawrence, New York 11559.

5. Upon information and belief, Forsythe manufactures goods, including the infringing goods complained of herein, that are offered and sold to purchasers throughout the State of North Carolina including in this judicial district.

6. This Court has subject matter jurisdiction over the federal claims in this case pursuant to 28 U.S.C. §§ 1331 and 1338, in that they arise under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court has subject matter jurisdiction over the state claims in this case (i) pursuant to 28 U.S.C. § 1338(b), in that that they are claims of unfair competition joined with substantial and related claims under the federal trademark laws; (ii) pursuant to 28 U.S.C. §1332, in that this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and

2

(iii) pursuant to 28 U.S.C. §1367(a) and the principles of supplemental jurisdiction.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Forsythe has offered for sale and sold products that falsely designate their origin, infringe on and/or dilute Plaintiffs' marks in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims therefore occurred in this district.

## FACTS COMMON TO ALL CLAIMS

**Plaintiffs' REBEL DEBUTANTE Name and Mark**

8.      Plaintiff Fields is the eponymous Rebel Debutante, a woman with a traditional Southern background who was born and raised in North Carolina before moving to Los Angeles to begin a career in the entertainment industry.  While in Los Angeles, she worked for several television and motion picture production companies, and appeared as an actress in several television shows and motion pictures, including the HBO miniseries *Empire Falls*, the Oxygen Network series *Campus Ladies*, and the Hollywood feature film *Mona Lisa Smile*.

9.      Fields combined this experience in the entertainment industry with her formal education - which includes an undergraduate degree from Brown University and a Master of Fine Arts Degree in Dramatic Writing from New York University - to pursue a successful career as a screenwriter and playwright.  She has written screenplays for network television shows including *One Life to Live*, *As the World Turns*, and *Guiding Light*, and her stage plays have been produced and performed in theatres nationwide, from New York to San Francisco.

10.     In 2006, Fields began publishing her writing on the internet, both at her registered website www.rebeldebutante.com ("the Rebel Debutante Site"), and later on a blog at www.rebeldebutante.blogspot.com ("the Rebel Debutante Blog").

11.     In her writings on these sites, she coined the term "Rebel Debutante" to refer to a

3

personal style and approach to fashion, society and life flowing out of her experiences growing

up in, and rebelling against, Southern society.  Both the Rebel Debutante Site and Blog have

consistently featured a bright pink and black color theme.

12.     The "Rebel Debutante" phrase - and the style and philosophy it represented -

resonated with many young women, and in March 2008, Fields signed a contract with the New

York publishing house, G.P. Putnam's Sons, to write a book entitled *Confessions of a Rebel*

*Debutante*.  Interviews featuring the name "Rebel Debutante" were published in magazines and

newspapers nationwide, including, for example, the *Atlanta Journal-Constitution*, *Publisher's*

*Weekly,* and *Publisher's Marketplace*.  Advance copies of the book were released beginning in

March 2009 with a cover prominently featuring a spilled bottle of bright pink nail polish.  An

image of the cover of the book is attached as Exhibit 1.

13.     The hardcover edition of *Confessions of a Rebel Debutante* was officially released

to stores nationwide on April 15, 2010.  The paperback edition was recently released featuring a

different cover but still using the same bright pink and black colors that Fields has consistently

used on the Rebel Debutante Site and Blog since 2006.

14.     On October 16, 2008, Fields filed an application with the United States Patent and

Trademark Office to register the REBEL DEBUTANTE mark.

15.     The REBEL DEBUTANTE mark was first used in commerce on January 1, 2009

and the United States Patent and Trademark Office issued U.S. Trademark Registration No.

3,703,222 for the REBEL DEBUTANTE mark on October 27, 2009 in International Class 25 for

"clothing, namely, t-shirts, shirts, tank tops, pants, shorts, underwear, hooded sweat shirts, tube

tops."  A true and correct copy of the Trademark Registration Certificate for the REBEL

DEBUTANTE mark is attached hereto as Exhibit 2.

4

16.     Plaintiff Rebel Debutante LLC was organized by Fields and a colleague in December 2008 to sell REBEL DEBUTANTE-branded merchandise, and Rebel Debutante LLC is the exclusive licensee of the REBEL DEBUTANTE mark.

17.     In January 2009, the company began offering for sale and selling selected REBEL DEBUTANTE-branded merchandise on the Rebel Debutante Site, a use which continues today. An image of the home page of the Rebel Debutante Site as it currently appears is attached as Exhibit 3.

18.     The Rebel Debutante Site offers fashion-oriented products for young women, including tank tops, T-shirts, long-sleeved shirts, jackets, intimate apparel, and jewelry. All items are sold under the REBEL DEBUTANTE mark, and many have the phrase emblazoned on the product itself. In keeping with the bright pink nail polish on the hardcover of Fields' book, the Rebel Debutante Site continues to use bright pink as its primary accent color, and the REBEL DEBUTANTE logo frequently is displayed on clothing in the same bright pink shade.

19.     Fields is currently under contract with Warner Brothers to write a television series based on *Confessions of a Rebel Debutante*, and Fields is also at work on two additional "Rebel Debutante" books.

20.     Due to the publicity surrounding *Confessions of a Rebel Debutante* and the other advertising and promotional efforts of Fields, the term "Rebel Debutante" has become widely associated with Fields and her professional and commercial activities. Plaintiffs' distinctive REBEL DEBUTANTE mark has become known, particularly among fashion-conscious young women, as symbolizing the high-quality and trend-setting style of the goods to which it is applied, and is a means by which Plaintiffs' products are distinguished by relevant purchasers from other products and services.

5

21.     By virtue of the personal reputation of Fields in the entertainment world, the popularity of her writings, the advertising and promotional activities of Plaintiffs, and the quality, style, and fashion sensibility of their products, Plaintiffs have obtained and now enjoy a valuable reputation, goodwill, and trust symbolized by the REBEL DEBUTANTE mark.

22.     Plaintiffs intend to expand the use of the REBEL DEBUTANTE brand into other related fashion products and accessories, including nail polish, make-up and cosmetics, including lipsticks, lip glosses and other sundry items that are typically purchased by the same fashion-conscious young women who are familiar with the REBEL DEBUTANTE brand and who purchase REBEL DEBUTANTE products in order to evoke the "rebellious debutante" image that is associated with these products.

**Forsythe's Infringement of Plaintiffs' REBEL DEBUTANTE mark**

23.     Forsythe manufactures, markets and sells nail polish, among other goods. Nail polish is a product whose sales are driven almost entirely by fashion trends. Indeed, Forsythe bills itself as having an "ability to respond quickly to consumer demands for the latest and most exciting trends in nail color." *See* Forsythe website, http://www.cosmeticgroup.com/history.html, last visited February 8, 2011. While nail polish has functional attributes in terms of ease of application, drying time, and durability, women typically regard it as a fashion accessory, and wear it for its appearance and style as a complement to their apparel, jewelry, and other fashion accessories.

24.     In keeping with its status as a fashion accessory, Forsythe's nail polish products are typically sold in "collections" that have a fashion-oriented theme. Forsythe offers its collections of nail polish under the house mark "Color Club," and uses distinctive names for each collection to convey its fashion style and market appeal, such as "Untamed Luxury," "Wild at

6

Heart," and "Femme Fatale." To keep up with fashion trends, Forsythe seeks to expand its current collections by marketing new products under existing titles.

25. At a precise time unknown to Plaintiffs but believed to be in the spring of 2010, and in any event well after Plaintiffs' adoption, use and registration of the REBEL DEBUTANTE mark as above alleged, Forsythe introduced and began offering for sale a new nail polish collection under the designation REBEL DEBUTANTE throughout the country, including in North Carolina generally and in this judicial district specifically.

26. On Forsythe's website, which is located at www.cosmeticgroup.com, Forsythe maintains a page dedicated to promoting its REBEL DEBUTANTE collection, an image of which is attached as Exhibit 4.

27. In addition to using a mark that is identical to Plaintiffs' registered-trademark REBEL DEBUTANTE, Forsythe presents its REBEL DEBUTANTE products using the same motifs that Plaintiffs have used to promote their REBEL DEBUTANTE brand. Specifically, as is illustrated in Exhibit 4:

     a. Forsythe's commercial presentation of its REBEL DEBUTANTE collection uses bright pink as the primary accent color, a color that Plaintiffs have consistently associated with their REBEL DEBUTANTE products;

     b. The model depicted in Exhibit 4 wears nail polish and lipstick in a similar bold pink; and

     c. In the seven-color REBEL DEBUTANTE package, two of the colors are shades of pink, including one whose color is virtually identical to the bottle of spilled nail polish depicted on the cover of *Confessions of a Rebel Debutante* beginning in 2008, as shown in Exhibit 1.

28. Because Forsythe is using the REBEL DEBUTANTE mark on closely-related goods that are offered in the same or similar channels of trade, to the same customers, and in the same commercial presentation technique as goods offered by Plaintiffs under the REBEL

7

DEBUTANTE mark, Forsythe's use of REBEL DEBUTANTE on its nail polish products is therefore highly likely to cause confusion and mistake and to deceive the consuming public as to the source, origin or sponsorship of Forsythe's goods.

29.    Specifically, actual and potential customers have believed and are likely to believe in the future that Forsythe's REBEL DEBUTANTE collection originates from Plaintiffs as sellers of REBEL DEBUTANTE fashion clothing and jewelry, or that Forsythe's collection is licensed by, sponsored by, or approved by Plaintiffs, or that there is some affiliation or connection between them.

30.    On information and belief, Forsythe's copying of Plaintiffs' registered REBEL DEBUTANTE trademark and color scheme is intended to and will mislead customers into believing that Fields personally has endorsed Forsythe's REBEL DEBUTANTE nail polish products, in view of Fields' well-publicized use of the phrase to refer to herself and her style and philosophy since 2006.

31.    On information and belief, Forsythe intentionally adopted and is using the REBEL DEBUTANTE mark for its nail polish collection to trade upon the reputation and goodwill and consumer trust associated with Plaintiffs' REBEL DEBUTANTE products and with Fields personally, and to give Forsythe's goods a customer appeal and salability which they would not otherwise have in the absence of the use of Plaintiffs' mark.

32.    Moreover, through its use of Plaintiffs' REBEL DEBUTANTE marks, Forsythe is lessening the capacity of Plaintiffs' distinctive REBEL DEBUTANTE mark to distinguish and identify Plaintiffs' goods, diluting the strength and carefully-cultivated unique value of Plaintiffs' distinctive REBEL DEBUTANTE mark, and reducing Plaintiffs' ability to expand the use of the REBEL DEBUTANTE mark to identify other types of goods it intends to sell under

8

the REBEL DEBUTANTE mark.

33. Immediately after Plaintiffs learned that Forsythe was infringing Plaintiffs' REBEL DEBUTANTE mark, Plaintiffs, through counsel, notified Forsythe by letter dated September 1, 2010 that its use of the REBEL DEBUTANTE mark was infringing and likely to cause confusion, and demanded that Forsythe halt its infringing use and take steps to prevent such confusion in the future. A true and correct copy of this letter is attached hereto as Exhibit 5.

34. In a brief letter dated September 16, 2010, Forsythe's counsel stated that it was "investigating the matter" and would respond shortly, but failed to do so for months thereafter. A true and correct copy of this letter is attached hereto as Exhibit 6.

35. After Forsythe failed to respond further, Plaintiffs' counsel sent an additional letter dated December 3, 2010 in which Plaintiffs again notified Forsythe that its use of the REBEL DEBUTANTE mark was infringing and likely to cause confusion, and again demanded that Forsythe halt its infringing use. A true and correct copy of this letter is attached hereto as Exhibit 7.

36. Despite Plaintiffs' repeated demands that Forsythe cease and desist from its infringing conduct, in letters dated December 13, 2010 and January 7, 2011, Forsythe refused to discontinue its infringing use, and defiantly stated its intention to continue using the REBEL DEBUTANTE mark on its products without regard for Plaintiffs' rights in their mark. True and correct copies of these letters are attached hereto as Exhibit 8.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114)

37. The preceding averments are incorporated by reference as if set forth at length herein.

9

38.     Plaintiffs are the owners/licensees of the REBEL DEBUTANTE mark.

39.     Plaintiffs' registered REBEL DEBUTANTE mark is valid, distinctive and legally protectable.

40.     Defendant has willfully used the REBEL DEBUTANTE mark in connection with the sale of Defendant's goods without Plaintiffs' consent.

41.     Defendant has willfully used the REBEL DEBUTANTE mark to identify its goods in a manner that has caused and/or is likely to cause confusion among or deceive purchasers as to the source or origin of its goods.

42.     Defendant has therefore willfully infringed on Plaintiffs' registered REBEL DEBUTANTE mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     As a direct and proximate result of Forsythe's conduct as alleged above, Plaintiffs have suffered harm and damage, including lost sales and profits that they otherwise would have earned, and damage to their reputation, and are likely to suffer further damage in the future as long as Defendant's conduct continues.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(False Designation of Origin/Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

44.     The preceding averments are incorporated by reference as if set forth at length herein.

45.     Plaintiffs are the owners/licensees of the REBEL DEBUTANTE mark.

46.     Plaintiffs' registered REBEL DEBUTANTE mark is valid, distinctive and legally protectable.

10

47.     Defendant has willfully used the REBEL DEBUTANTE mark in commerce in selling, offering for sale, distributing and advertising its products.

48.     Defendant has willfully used the REBEL DEBUTANTE mark in a manner that has caused consumers to be confused and/or is likely to confuse consumers as to the origin of its products, and/or to cause consumers to believe that its products are authorized, sponsored or approved by Plaintiffs or that there is some affiliation or connection between them.

49.     Defendant has therefore willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     As a direct and proximate result of Defendant's conduct as alleged above, Plaintiffs have suffered harm and damage, including lost sales and profits that they otherwise would have earned, and damage to their reputation, and are likely to suffer further damage in the future as long as Defendant's conduct continues.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

51.     The preceding averments are incorporated by reference as if set forth at length herein.

52.     Defendant has willfully adopted the REBEL DEBUTANTE mark for its own goods in apparent imitation of the REBEL DEBUTANTE mark that belongs to Plaintiffs.

53.     Defendant's use of the REBEL DEBUTANTE mark has mislead or is likely to mislead prospective purchasers of Defendant's goods with respect to the identity of the seller of these goods.

11

54.     Moreover, Defendant's use of the REBEL DEBUTANTE mark has caused dilution of Plaintiffs' REBEL DEBUTANTE mark by lessening the capacity of Plaintiffs' REBEL DEBUTANTE mark to distinguish and identify Plaintiffs' goods.

55.     Defendant's use of the REBEL DEBUTANTE mark is therefore unfair and has damaged Plaintiffs' legitimate business; such damage includes the lost sales and profits that Plaintiffs otherwise would have earned, damage to their reputation, and dilution of their REBEL DEBUTANTE mark, and Plaintiffs are likely to suffer further damage in the future as long as Defendant's conduct continues.

56.     Defendant's conduct was willful and wanton, and continued in disregard of Plaintiffs' rights even after Defendant was expressly notified of Plaintiffs' rights, and an award of punitive damages is therefore warranted.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices – N.C. Gen. Stat. §75-1.1)

57.     The preceding averments are incorporated by reference as if set forth at length herein.

58.     Defendant's willful use of Plaintiffs' REBEL DEBUTANTE mark on Defendant's goods in an apparent imitation of Plaintiff's mark, as described above, has mislead or is likely to mislead prospective purchasers of Defendant's goods with respect to the identity of the seller of these goods, has diluted Plaintiffs' REBEL DEBUTANTE mark by lessening the capacity of Plaintiffs' REBEL DEBUTANTE mark to distinguish or identify Plaintiffs' goods, and is therefore an unfair and deceptive method of competition.

12

59.     Defendant's use of Plaintiffs' REBEL DEBUTANTE mark in this unfair and deceptive manner was in commerce and affects commerce in the State of North Carolina, and therefore violates N.C.G.S. § 75-1.1 *et. seq.*

60.     As a direct and proximate result of Defendant's conduct as alleged above, Plaintiffs have suffered harm and damage, including the lost sales and profits that Plaintiffs otherwise would have earned, damage to their reputation, and dilution of their REBEL DEBUTANTE mark, and Plaintiffs are likely to suffer further damage in the future as long as Defendant's conduct continues.

61.     Defendant's unfair and deceptive acts and practices were willful, and Defendant continued such unfair and deceptive acts and practices even after Plaintiffs provided notice and demand to cease and desist such acts and practices, and an award of attorneys' fees to Plaintiffs pursuant to N.C.G.S. § 75-16 is therefore warranted.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief against Forsythe as follows:

(1)     For a preliminary and permanent injunction (a) enjoining Forsythe, its directors, officers, employees, representatives or agents, and any persons or entities in active concert or participation with them, from any use or display of the REBEL DEBUTANTE mark, or of any designation, symbol or device confusingly similar thereto, and (b) requiring Forsythe to recall from the retail marketplace any infringing goods not yet sold to consumers;

(2)     For a preliminary and permanent injunction mandating that Forsythe destroy or deliver to the Court or to Plaintiffs for destruction all of Forsythe's inventory, equipment, signage, advertising, promotional materials, and other materials exposed to the consuming public or the trade in any form, including on the Forsythe web site, that use the REBEL DEBUTANTE

13

mark, or any designation, symbol or device confusingly similar thereto;

(3) For a preliminary and permanent injunction mandating that Forsythe undertake, or compensate Plaintiffs for, the cost of corrective advertising and other corrective measures reasonably calculated to attempt to mitigate the confusion engendered by Forsythe's infringing conduct;

(4) For a preliminary and permanent injunction mandating that Forsythe file with the Court a written report, under oath, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, setting forth details of the manner in which Forsythe has complied with the Court's order pursuant to paragraphs 1 through 3 above;

(5) For all actual damages sustained by Plaintiff as a result of Forsythe's acts of trademark infringement and false designation of origin in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and1125(a);

(6) For an accounting of all revenues, profits and other economic benefits and advantages derived from the sale of goods bearing the REBEL DEBUTANTE mark, or any other designation, symbol or device which is confusingly similar to Plaintiffs' REBEL DEBUTANTE mark, and an award of all profits that Forsythe has earned by reason of such infringing and misleading conduct in such amounts as may be proved at trial;

(9) For all damages sustained by Plaintiffs as a result of Forsythe's acts of common law trademark infringement and unfair competition, together with punitive damages pursuant to N.C.G.S. § 1D-15;

(10) For all damages that Plaintiffs have sustained as a result of Forsythe's unfair and deceptive trade practices and unfair methods of competition in violation of N.C.G.S. § 75-1.1;

14

(11)     For a trebling of all amounts awarded to Plaintiffs pursuant to Section 35 of the

Lanham Act, 15 U.S.C. § 1117, and N.C.G.S. § 75-16;

(12)     For reasonable attorneys' fees, pursuant to Section 35 of the Lanham Act, 15

U.S.C. § 1117, N.C.G.S.A. § 75-16.1, and any other bases on which attorneys' fees may be

awarded;

(13)     For the costs of this action;

(14)     For pre-judgment and post-judgment interest on all amounts awarded;

(15)     For a trial by jury of all issues properly triable; and

(16)     For such other further relief as the Court deems appropriate.

Dated:  February 10, 2011

> /s/ Andrew L. Fitzgerald
> Andrew L. Fitzgerald
> N.C. State Bar # 34767
> Brendan G. Stuhan
> N.C. State Bar #41940 (Admission to Middle
> District of North Carolina pending)
> *Attorneys for Plaintiffs*
> Strauch Fitzgerald & Green, P.C.
> 118 South Cherry Street
> Winston-Salem, North Carolina 27101
> Telephone: (336) 725-8688
> Facsimile: (336) 725-8867
> afitzgerald@sfandglaw.com
> bstuhan@sfandglaw.com