UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| REBEL DEBUTANTE LLC, a North Carolina limited liability company, and ANNA STUBBLEFIELD, a/k/a Anna Fields,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>FORSYTHE COSMETIC GROUP, LTD., a New York Corporation,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 1:11-cv-00113<br><br> |

### BENCH BRIEF REGARDING DEFENDANT'S USE OF ITS HOUSE MARK WITH PLAINTIFFS' TRADEMARK

Plaintiffs respectfully submit this Bench Brief for the Court's reference in ruling on the within issues pertinent to Plaintiffs' request for injunctive relief.

I. **Defendant's Use of Its "Color Club" House Mark Alongside Plaintiffs' REBEL DEBUTANTE® Mark Does Not Make Confusion Less Likely**

Defendant argues that its use of its own "Color Club" house mark in conjunction with the Rebel Debutante mark on Defendant's displays and advertisements "negates any likelihood of confusion." Defendant's Response to Plaintiff's Motion for Preliminary Injunction ("Defendant's Response"), p.11. This is not the case. "In general, the mere addition of an infringer's trade name to its product packaging does not avoid confusion and is therefore not a defense to trademark infringement." *Plasticolor Molded Products v. Ford Motor Company*, 698 F. Supp. 199, 202 (C.D. Cal. 1988). *See also Super Duper,*

*Inc. v. Mattel, Inc.*, No. 09-1397, 382 Fed. Appx. 308, 316 (4th Cir., June 10, 2010) (not reported) (endorsing district court's jury instruction that mere presence of house mark does not avoid finding of likelihood of confusion).

Other courts agree that a defendant may not water down the effect of a strong, validly-registered mark such as Plaintiffs' REBEL DEBUTANTE® mark[1] simply by using its own house mark in combination with the registered mark. *See Electronic Communications, Inc. v. Electronic Components for Industry Co.*, 443 F.2d 487, 492 (8th Cir. 1971).[2] Indeed, if the mere use of a disputed trademark with another mark precluded a showing of likely confusion, a trademark owner would never be able to establish rights in the mark. *Advance Stores Company, Inc. v. Refinishing Specialties, Inc.*, 948 F. Supp. 643, 648 (W.D. Ky. 1996).

For these reasons, courts have repeatedly held that an infringer's use of trade names or house marks does not dispel a likelihood of confusion. *See Frank Brunckhorst*

---

[1] As noted in Plaintiffs' Brief in Support of their Motion for Preliminary Injunction, REBEL DEBUTANTE® is a strong, suggestive mark, distinguishing this case from one cited by Defendant, *Carefirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, 271 (4th Cir. 2006), in which the court noted that consumers' attention would be drawn to the strong "BlueCross BlueShield" house mark more than to the weak, allegedly-infringed mark, "CareFirst." Defendant's Response, p. 11.

[2] In its Response, Defendant cites *Four Seasons Hotels Ltd. v. Koury Corp.*, 776 F. Supp. 240, 247 (E.D.N.C. 1991) for the proposition that the "Holiday Inn – Four Seasons" was not likely to cause confusion with the "Four Seasons" national hotel brand due to the use of the house mark "Holiday Inn." Defendant's Response, pp. 11-12. In fact, the issue of whether "Holiday Inn – Four Seasons" was confusingly similar to "Four Seasons" was not addressed at all in that case. While the court evaluated the ability of a mark to create a "distinct commercial impression" when used as part of a composite name with a strong, well-known mark such as "Holiday Inn," this issue is wholly-unrelated to the likelihood of confusion analysis at issue here. Moreover, Defendant has made no showing that its Color Club mark is a strong, well-known mark, nor is it using the Color Club mark with the Rebel Debutante mark as part of a composite name; the marks are used independently of each other in commerce. *See* Exhibits 1, 2. *Accord Wonder Works v. Cranium, Inc.*, 455 F. Supp. 2d 453, 459 (D.S.C. 2006) (Defendant's Response, pp. 11-12) (well-known "Cranium" house mark was <u>part of</u> allegedly offending mark).

2

*Co. v. G. Heileman Brewing Co., Inc.*, 875 F. Supp. 966, 978 (E.D.N.Y. 1994). *See also Express Welding, Inc. v. Superior Trailers, LLC*, 700 F. Supp. 2d. 789, 799 (E.D. Mich. 2010) (holding that fact that defendants put their own company name before plaintiff's mark did not alter fact that defendant's use of mark created likelihood of confusion). Therefore it is clear that Defendant does not make confusion less likely merely by placing the "Color Club" house in the vicinity of the Rebel Debutante mark.

  II.  **Defendant's Use of Its "Color Club" House Mark in Connection With Plaintiffs' REBEL DEBUTANTE® Mark Aggravates the Likelihood of Confusion**

The use of a house mark alongside a protected mark may, in fact, promote confusion rather than insure against it. *W.E. Basset Company v. Revlon, Inc.*, 435 F.2d 656, 662 (2d Cir. 1970). When an infringed mark is used side-by-side with a house mark it can lead purchasers and consumers to believe the infringer obtained a license to use the infringed mark. *A.T. Cross Company v. Jonathan Bradley Pens, Inc.*, 470 F.2d 689, 692 (2d Cir. 1972); *A.J. Canfield Co. v. Vess Beverages, Inc.*, 612 F. Supp. 1081, 1091 (D.C. Ill. 1985). At the very least, the public is likely to infer some affiliation or sponsorship between the owner of a house mark and the owner of an infringed mark, thereby aggravating the confusion. *See Pebble Beach Company v. Tour 18 I, LTD.*, 942 F. Supp. 1513, 1544-45 (S.D. Tex. 1996). This is especially true where, as here, the marks are exactly the same, thus suggesting that Plaintiffs have licensed their mark to Defendant.[3]

---

[3] By comparison, the marks at issue in a case cited by Defendant in its Response, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000) (p. 11), "DENTYNE ICE" and "ICE BREAKERS," were only "marginally similar." *Id. Cf. Frehling Enters. v. Int'l Select Group., Inc.*, 192 F.3d 1330, 1337-8

3

Adding the "Color Club" house mark does not mitigate the effect of Defendant's unauthorized use of Plaintiffs' REBEL DEBUTANTE® mark; if anything, it actually aggravates the confusion.

Defendant argues that there is no likelihood of confusion because it used the Rebel Debutante mark in a "nominal" manner, in connection with its more prominent Color Club mark. Defendant's Response, pp. 1, 12. This argument is belied by Defendant's product packaging and advertisements. In at least one advertisement, the Rebel Debutante mark is far more prominently displayed than the Color Club mark. *See* Exhibit 1. Others prominently display both the Rebel Debutante mark and the Color Club mark. *See* Exhibit 2. The strong association that is created by displaying two prominent marks together is precisely what increases - rather than decreases - confusion. *See Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 960 (7th Cir. 1992). In these circumstances, Defendant's reliance on its house marks is nothing more than a "smokescreen," and a "poor excuse" for its blatant misappropriation of Plaintiffs' mark. *VMG Enterprises, Inc. v. F. Quesada & Franco, Inc.*, 788 F. Supp. 648, 660 (D.P.R. 1992).

### III. Conclusion

For the foregoing reasons, Defendant's use of its house mark does not make confusion less likely, actually makes confusion even more likely, and is therefore not a defense to Plaintiffs' claims.

---

(11th Cir. 1999) (adding brand name "Tavola Collection" did not lessen likelihood of confusion for marks of otherwise "striking similarity").

4

Respectfully submitted this the 29th day of April, 2011.

/s/ Brendan G. Stuhan
Andrew L. Fitzgerald (N.C. State Bar # 34767)
Brendan G. Stuhan (N.C. State Bar #41940)
*Attorneys for Plaintiffs*
Strauch Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, North Carolina 27101
Telephone: (336) 725-8688
Facsimile: (336) 725-8867
afitzgerald@sfandglaw.com
bstuhan@sfandglaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for Plaintiffs and is a person of such age and discretion as to be competent to serve process.

That on April 29, 2011, he served a copy of the foregoing **BENCH BRIEF REGARDING DEFENDANT'S USE OF ITS HOUSE MARK WITH PLAINTIFFS' TRADEMARK** via electronic filing and hand delivery.

**ADDRESSEE:**

Clint Morse, Esquire
Brooks, Pierce, McLendon, Humphrey & Leonard LLP
Suite 2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
cmorse@brookspierce.com
*Attorney for Defendant*

Gregory T. Casamento, Esquire
Alan B. Clement, Esquire
Jason Nardiello, Esquire
Locke, Lord, Bissell & Liddell, LLP
Three World Financial Center
New York, New York 10281-2101
gcasamento@lockelord.com
aclement@lockelord.com
jnardiello@lockelord.com
*Attorneys for Defendant*

/s/ Brendan G. Stuhan
Andrew L. Fitzgerald (N.C. State Bar # 34767)
Brendan G. Stuhan (N.C. State Bar #41940)
*Attorneys for Plaintiffs*
Strauch Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, North Carolina 27101
Telephone: (336) 725-8688
Facsimile: (336) 725-8867
afitzgerald@sfandglaw.com
bstuhan@sfandglaw.com

6

Case 1:11-cv-00113-TDS-LPA   Document 48   Filed 04/29/11   Page 6 of 8



